**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.     Case No: 07-20031-01-JWL

**DERRICK WILLIAM CALDWELL,**

      **Defendant.**

## ORDER

Derrick Caldwell pled guilty on September 10, 2007, to three cocaine and crack cocaine charges. On January 4, 2008, the court sentenced Mr. Caldwell to 121 months in prison, the low end of the range recommended by the United States Sentencing Guidelines for an individual with a total offense level of 29 and a criminal history category of 4. On May 26, 2008, the defendant moved the Court to reduce his sentence in accord with the authority granted in 18 U.S.C. § 3582(c) and Amendments 706 and 715 to the crack cocaine provision in §2D1.1 fo the guidelines. The government opposes the motion. Upon consideration of the submissions of the parties and the factors set out in 18 U.S.C. §3553(a), the court finds that the defendant should be granted a two level reduction in his total offense level and his sentence should be modified to a sentence of 100 months in prison. All other aspects of the original Judgment and Commitment Order shall remain the same.

The court declines to follow the government's request that the motion be denied based on the court's evaluation of the sentencing factors which it stated at sentencing. Although the

court believes that its assessment of Mr. Caldwell's risk of recidivism was and remains accurate, nonetheless because Mr. Caldwell was not eligible for a two level decrease in his offense level at that time the court did not evaluate the necessity to avoid unwarranted disparity in sentencing in the same way that it now does in light of Amendment 715. While a lower sentence then would have constituted a variance below the low end of what a then properly calculated guideline range would have recommended, declining to modify his sentence now would be tantamount to placing him at the high end of the range which the Sentencing Commission finds is more appropriate. The court believes that would create unwarranted disparity with others similarly situated to Mr. Caldwell who were sentenced after Amendment 715 became effective. Moreover, it would ignore the underlying policy guidance of the Sentencing Commission that the large disparity formerly prevailing in sentencing for crimes involving cocaine in its powder and base forms simply is not justified.

IT IS THEREFORE ORDERED BY THE COURT that the sentence of the defendant Derrick William Caldwell will be reduced from 121 months in prison to a sentence of 100 months in prison.

IT IS SO ORDERED.

Dated this 22nd day of July, 2008, at Kansas City, Kansas.

                                                  s/ John W. Lungstrum
                                                  John W. Lungstrum
                                                  United States District Judge